

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Bert Ford
Administrator, Texas Liquor Control Board
Austin, Texas

Dear Sir:

Opinion No. O-2741
Re: Employment of husband and wife
under the rider to Senate Bill
No. 427, Acts of the 46th Legis-
lature.

This will acknowledge receipt of your letter of
September 13, 1940, wherein you advise this department that
you have recently discovered that Auditor Leon Allen and
Stenographer June Haws, both of your department, were mar-
ried on August 2, 1940. You further advise that both of
these parties executed an affidavit, one on the 7th day of
September, 1939, and one on the 6th day of September, 1939,
stating that they were single persons. You advise that on
August 9, 1940, your department received a letter from Miss
June Haws, in which she tendered her resignation which was
accepted, effective September 1, 1940. You further advise
that you did not know that these parties were married when
you certified your payroll for the month of August, 1940;
that you understand that they have each received their war-
rents for salary during the month of August, 1940, but that
you do not know whether said warrants have been cashed.

You further advise us that Auditor Leon Allen has
been continuously in the employ of your department for the
last three or four years; with respect to June Haws, that
she was continuously employed by your department from August
27, 1938, through March 31, 1939, being paid by voucher dur-
ing this period of time; that on April 1, 1939, she was placed
on your regular payroll and was continuously employed there-
after on your regular payroll down through August 31, 1940.

Upon this state of facts, you request the opinion
of this department as to what action should be taken by your
department with reference to the situation.

The rider appended to Senate Bill 427, Acts of the
Forty-sixth Legislature, relative to the employment of husband
and wife, reads as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Employment of Husband and Wife Restricted. None of the foregoing appropriations for salaries shall be paid or warrants issued therefor by the State Comptroller to any employee until the employee shall have filed with the head of the department in which he or she is employed an affidavit showing his or her marital status, and if married, whether or not the spouse of such employee is also employed in one of the Departments of this State and the name of the Department where such spouse is employed, together with the name of such spouse; the head of such department, in addition to the statutory affidavit now required to be attached to all payrolls, shall also set forth in the payroll affidavit that all of his employees have made the required affidavit and also set forth the facts of any said relationship employment as disclosed by said employees' affidavits, together with the name of the Department where such spouse is employed, and if such relationship employment does not exist then said affidavit shall so state, and the head of the department and the State Comptroller shall not approve for payment or issue warrants or checks for salaries to either the husband and wife where both said husband and wife are employed in the Departments of this State subject, however, to the following provisions. Affidavits of present employees shall be made and filed with the heads of departments of the State within ten days before the first day of each fiscal year, and persons thereafter employed shall file such affidavits before they begin work; all of said affidavits shall be preserved by the heads of departments for which appropriations are made for at least two years after their dates, which affidavits shall be open to public inspection; said employees' affidavits shall be conclusive evidence of the right of the head of the department to approve the payroll, and the payroll affidavit of the head of the department shall be conclusive evidence to the State Comptroller of his right to issue the warrants. In the event the Comptroller shall hold up issuance or delivery of any warrant by reason of these provisions he shall notify the head of the Department affected of his action and

such warrants shall not be issued or delivered
until the provisions have been complied with to
the satisfaction of the State Comptroller; and
in the event the head or heads of said depart-
ments, so employing said husband and wife, or
said husband and wife themselves, cannot agree
on which affected employee is to be retained in
the State's employ, then the State Comptroller
shall issue and deliver the warrant to the af-
fected employee who has been continuously em-
ployed in the State's service for the longer
period of time, and refuse to issue and deliver
the warrant to the other affected employee who
has been continuously employed in the State's
service for a shorter period of time than the
other affected relative.  The provisions here-
in shall apply to department heads and members
of Commissions but not to the manager and matron
of the Gorse State Farm.  The word 'department'
as used herein shall mean those departments
named in this Act and the Soil Conservation
Board and shall not apply to other agencies of
this State and the employees employed thereby.

"It is further provided that the foregoing
provisions restricting employment of both husband
and wife shall not apply to any persons who were
employed and receiving compensation from the State
at any time during the month of January, 1939.

" * * *."

Your attention is particularly directed to the pro-
viso appended to the paragraph regarding the employment of
husband and wife, to the effect that the restrictions imposed
shall not apply to any persons who were employed and receiv-
ing compensation from the State at any time during the month
of January, 1939.  It appears that both Mr. Allen and Miss
Haws were employed and receiving compensation from the State
during the month of January, 1939, and continuously thereafter.
This being the fact, they do not fall within the provisions
restricting employment of both husband and wife.  Since there
is no violation of the provisions of the rider appended to
Senate Bill No. 427, Acts of the Forty-Sixth Legislature,
there is no occasion for taking action with reference to the
situation presented.
APPROVED SEP 27, 1940

(Sgd) Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

RWF:RS

Yours very truly

ATTORNEY GENERAL OF TEXAS

By                        (Sgd)
        Richard W. Fairchild

APPROVED
OPINION
COMMITTEE
CHAIRMAN